IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

CHARLES KEVIN TAYLOR,            *
                                 *
     Plaintiff,                  *
                                 *
     v.                          *    CV 617-135
                                 *
ART VILLEGAS; ROBERT DANIEL      *
DISMUKE; KEVIN BESSENT; and      *
CHRISTOPHER ANTHONY GINO         *
HARRISON,                        *
                                 *
     Defendants.                 *

---

**O R D E R**

---

Before the Court is Defendant Art Villegas's Partial Motion to Dismiss. (Doc. 4.) For the reasons set forth below, Defendant Villegas's motion is **GRANTED IN PART, DENIED IN PART**.

### I. BACKGROUND[1]

On May 1, 2015, Plaintiff[2] removed Defendant Kevin Bessent[3] from supervising roofing work being performed by Sweet Onion Construction, Inc. ("Sweet Onion") on behalf of the

---

[1] When reviewing a Rule 12(b)(6) motion to dismiss, courts must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. See Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009).
[2] Plaintiff was employed by HAL as a maintenance supervisor. (Compl., ¶¶ 2, 8.)
[3] Defendant Bennett was employed by Sweet Onion as a job supervisor. (Compl., ¶¶ 6, 9.)

Housing Authority of the City of Lyons, Georgia ("HAL"). (Compl., Doc. 1 at 9-20, ¶ 10.) On May 8, 2015, Defendant Bessent conspired with Defendants Villegas[4] and Robert Daniel Dismuke[5] to make a false report to the Georgia Bureau of Investigation ("GBI") that, on or about April 8, 2015, Plaintiff had attempted to provide illegal drugs to Defendant Bessent. (Id. ¶ 13.) When the GBI did not act on that false report, Defendants Bessent, Dismuke, and Villegas conspired to plant drugs in Plaintiff's work vehicle. (Id. ¶ 14.) Accordingly, Defendants Bessent, Dismuke, and Christopher Anthony Gino Harrison[6] planted illegal drugs in Plaintiff's work vehicle, Defendant Bessent filed a false report with the Lyons Police Department, and Defendant Villegas created a false incident report. (Id. ¶¶ 15-17.) Defendants Bessent, Dismuke, Harrison, Villegas, and Terry Smith[7] then further conspired to have Defendant Smith make a false report to the GBI that, on the morning of May 8, 2015, Plaintiff had attempted to sell drugs to Defendant Harrison. (Id. ¶¶ 18-19.) "Based on the false information provided by Defendants, the GBI searched [Plaintiff's] vehicle on May 8, 2015[] and found the illegal drugs that had been planted by Defendant Harrison" and Plaintiff

---

[4] Defendant Villegas was a sergeant with the Lyons Police Department. (Compl., ¶ 3.)
[5] Defendant Dismuke was the CEO of Sweet Onion. (Compl., ¶ 5.)
[6] Defendant Harrison was employed by Sweet Onion. (Compl., ¶ 7.)
[7] Defendant Smith was a deputy with the Toombs County Sheriff's Office. (Compl., ¶ 4.)

2

was subsequently arrested as a result thereof. (Id. ¶¶ 20-22.) On September 15, 2015, the relevant district attorney dismissed the charges against Plaintiff. (Id. ¶ 23.)

On September 13, 2017, Plaintiff initiated this action against Defendants in the Superior Court of Toombs County, Georgia, Case No. 17CV00469. In his instant complaint, Plaintiff asserts seven counts, namely: (1) False Imprisonment pursuant to O.C.G.A. § 51-7-20; (2) Malicious Arrest pursuant to O.C.G.A. § 51-7-1; (3) Malicious Prosecution pursuant to O.C.G.A. § 51-7-40; (4) Punitive Damages; (5) Attorney's Fees; (6) False Arrest pursuant to 42 U.S.C. § 1983; and (7) Malicious Prosecution pursuant to 42 U.S.C. § 1983. (Id. ¶¶ 25-56.) On October 20, 2017, Defendants removed this action to this Court. (Doc. 1, at 1-8, 88-90.) That same day, Defendant Villegas filed his instant partial motion to dismiss. (Doc. 4.) On January 3, 2018, Plaintiff's claims against Defendant Smith were dismissed with prejudice pursuant to their stipulation. (Doc. 26; see also Doc. 24.)

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The Court must accept as true

3

all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). Conversely, the Court need not accept the complaint's legal conclusions as true – only its well-pleaded facts. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

## III. DISCUSSION

In his partial motion to dismiss, Defendant Villegas moves to dismiss the first (False Imprisonment pursuant to O.C.G.A. § 51-7-20) and sixth (False Arrest pursuant to 42 U.S.C. § 1983) counts of Plaintiff's complaint, as well as any conspiracy claims that Plaintiff may have "embedd[ed] . . . into other counts contained in his [c]omplaint." (See Doc. 5, at 4-9; see also Doc. 17, at 3 ("[Defendant] Villegas generally asserts that

4

to the extent Plaintiff has embedded conspiracy into his [c]omplaint, including his malicious prosecution claims under § 1983, these claims should be dismissed because [Plaintiff] improperly alleges throughout that [Defendant] Villegas was engaged in a conspiracy without providing sufficient facts or details to sustain a conspiracy claim.").) While Plaintiff opposes Defendant Villegas's motion to the extent that it seeks the dismissal of his conspiracy allegations, Plaintiff does not oppose the dismissal of the first and sixth counts of his complaint. (See doc. 13, at 4.) Because Plaintiff consents to the dismissal of the first and sixth count of his complaint, Defendant Villegas's motion to dismiss is due to be granted as to those claims.

"Conspiring to violate another person's constitutional rights violates section 1983." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002) (citations omitted). "To prevail on a § 1983 conspiracy claim a plaintiff must show that an agreement between two or more people . . . to violate his constitutional rights resulted in an actual violation of those rights." Am. Fed'n of Labor & Cong. of Indus. Organizations v. City of Miami, 637 F.3d 1178, 1191 (11th Cir. 2011) (citations omitted); see also Bailey v. Bd. of Cty. Comm'rs of Alachua Cty., 956 F.2d 1112, 1122 (11th Cir. 1992) ("[T]he linchpin for conspiracy is agreement, which presupposes communication . . .

5

."). "[A]n agreement may be inferred from the relationship of the parties, their overt acts and concert of action, and the totality of their conduct . . . ." Am. Fed'n of Labor & Cong. of Indus. Organizations, 637 F.3d at 1192 (internal quotations and citations omitted).

"A plaintiff claiming a conspiracy under § 1983 must make particularized allegations that a conspiracy exists." Pittman v. State Farm Fire & Cas. Co., 662 F. App'x 873, 880 (11th Cir. 2016) (citing GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1370 (11th Cir. 1998)). "Mere conclusory, vague and general allegations of conspiracy are not sufficient to survive a motion to dismiss; rather, a defendant must be informed of the nature of the conspiracy which is alleged." Gibbons v. McBride, 124 F. Supp. 3d 1342, 1379 (S.D. Ga. 2015) (internal quotations omitted) (citing Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984)). Indeed, "[t]he claims must include enough factual allegations to raise a right to relief above the speculative level." Pittman, 662 F. App'x at 880 (citing Twombly, 550 U.S. at 554). "As a guide, our sister court has found that a plaintiff alleges sufficient facts to state a claim for § 1983 conspiracy where: (1) plaintiff alleged all defendants actively participated in the events leading up to the alleged constitutional violation, (2) plaintiff alleged all defendants 'acted in concert' when the constitutional violation was

6

committed, and (3) 'the Amended Complaint is replete with allegations that the Defendants communicated with one another and actively participated with one another leading up to and during the event in question." Gibbons, 124 F. Supp. 3d at 1379 (internal quotations, citations, and alterations omitted)).

Here, the Court concludes that the conspiracy allegations in Plaintiff's instant complaint are sufficiently pled to withstand Defendant Villegas's present motion to dismiss. While Defendant Villegas asserts that Plaintiff's conspiracy allegations are conclusory, vague, or general in nature, Plaintiff has identified the parties to each conspiracy, the date each conspiracy was formed, the underlying agreement of each conspiracy, the rights violated by each conspiracy, and the methods, manners, and conspiratorial acts of each party to each conspiracy. Taking these allegations as true, Defendant Villegas and the other relevant Defendants would be liable to Plaintiff under Section 1983 and other law. Indeed, a reasonable review of Plaintiff's complaint would put Defendant Villegas and the other Defendants on sufficient notice of the nature and methods of the plausible conspiracies alleged, and that is all Defendants are entitled to at this stage.

Finally, attached as a stand-alone exhibit to Defendant Villegas's reply in support of his motion to dismiss is a police incident report he purportedly prepared on June 10, 2015 in

connection with the events described in Plaintiff's complaint. (See Doc. 17-1 (the "Exhibit").) In his reply, Defendant Villegas posits that this Exhibit is the same "false incident report" referred to by Plaintiff in his complaint and argues that the Exhibit - because it is dated after the date of Plaintiff's arrest and does not include Plaintiff's complete name - contradicts any allegations of Defendant Villegas's involvement in the alleged conspiracies. (See Doc. 17, at 5-6.) Yet this argument depends upon the Court making several factual assumptions in favor of Defendant Villegas,[8] which is wholly inappropriate at this stage of litigation. See Belanger, 556 F.3d at 1155. Accordingly, dismissal of these conspiracy allegations would be inappropriate at this time.

## IV. CONCLUSION

Upon the foregoing and due consideration, **IT IS HEREBY ORDERED** that Defendant Villegas's motion to dismiss (doc. 4) is **GRANTED IN PART, DENIED IN PART** and the first (False Imprisonment pursuant to O.C.G.A. § 51-7-20) and sixth (False Arrest pursuant to 42 U.S.C. § 1983) counts of Plaintiff's complaint are hereby **DISMISSED WITH PREJUDICE.** The second

---

[8] For example, Defendant Villegas's argument assumes, *inter alia*, that the Exhibit: (i) was in fact prepared on June 10, 2015; (ii) is a true and correct copy of the incident report prepared by Defendant Villegas on June 10, 2015; (iii) is the only report prepared by Defendant Villegas in connection with the events alleged in Plaintiff's complaint (and that there were no prior or interim versions of the Exhibit).

8

(Malicious Arrest pursuant to O.C.G.A. § 51-7-1), third (Malicious Prosecution pursuant to O.C.G.A. § 51-7-40), fourth (Punitive Damages), fifth (Attorney's Fees), and seventh (Malicious Prosecution pursuant to 42 U.S.C. § 1983) counts of Plaintiff's complaint shall proceed forward.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of May, 2018.

---
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA