IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CHARLES KEVIN TAYLOR,

    Plaintiff,

    v.

ROBERT DANIEL DISMUKE; KEVIN BESSENT; and CHRISTOPHER ANTHONY GINO HARRISON,

    Defendants.

CIVIL ACTION NO.: 6:17-cv-135

**O R D E R**

This case arises out of a series of events in Lyons, Georgia, that resulted in the arrest of Plaintiff Charles Kevin Taylor. In his Complaint, Plaintiff asserts that Defendants Art Villegas, Robert Daniel Dismuke, Kevin Bessent, and Christopher Anthony Gino Harrison conspired to maliciously arrest and prosecute him in violation of federal and Georgia law. (Doc. 1, pp. 9–20.) Plaintiff initially filed this suit in the Superior Court of Toombs County, alleging violations of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983 and violations of Georgia law. (Id. at pp. 9–20.) Defendants subsequently removed the case to this Court pursuant to 28 U.S.C. § 1446. (See id. at pp. 1–5.)

After the close of the discovery period, Defendant Villegas—but none of the other Defendants—filed a Motion for Summary Judgment as to all of Plaintiff's claims, (doc. 34), which the Court granted, (doc. 45). In its Order, the Court addressed, *inter alia*, Plaintiff's claim for malicious prosecution under 42 U.S.C. § 1983, Plaintiff's only substantive claim sounding in federal law. (Id. at pp. 12–16.) The Court held that, because the record before it "establishes that

Plaintiff 'was [not] seized in relation to the prosecution, in violation of h[is] constitutional rights,' Plaintiff does not have a cognizable Section 1983 malicious-prosecution claim." (Id. at pp. 15–16.) Given this determination and the resulting dismissal of the federal claim as to Defendant Villegas, the Court directed Plaintiff's counsel to file a status report addressing whether he asserts any federal claims against any of the remaining Defendants (who had not moved for summary judgment) and whether this Court still has jurisdiction over this matter. (Id. at pp. 20–21.)

Plaintiff filed a Status Report, in which he states that "the Court's ruling on Defendant Villegas' Motion for Summary Judgment effectively precludes federal claims against the remaining [D]efendants. After the Court's ruling granting Defendant Villegas' Motion for Summary Judgment, Plaintiff is not asserting any federal claims against the remaining [D]efendants." (Doc. 47, pp. 1–2.) As such, only state law claims remain pending in this case.

While the "dismissal of [Plaintiff's] underlying federal question claim d[id] not deprive the court of supplemental jurisdiction over the remaining state law claims[,]" the Court does have the "discretion to decline to exercise supplemental jurisdiction over non-diverse state law claims, where the court has dismissed all claims over which it had original jurisdiction." Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997); 28 U.S.C. § 1367(c). Because the case was before the Court on federal question jurisdiction, the Court has been exercising supplemental jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(a). However, the district courts may decline to exercise supplemental jurisdiction over such claims if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Id. § 1367(c). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial

2

economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). For that reason, the Eleventh Circuit "encourage[s] district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam). The district courts' discretion extends to remanding cases properly removed to federal court. Carnegie-Mellon, 484 U.S. at 357.

Here, the Court finds the factors contained in section 1367(c) favor remand. First, in the interest of comity, allowing the state court to decide the remaining state law claims is preferred. Second, all federal law claims are dismissed. Third, as a result of dismissal of all federal claims, the remaining state law claims predominate over any claims over which the Court possesses original jurisdiction. Considering these factors, the Court exercises its discretion to remand the remaining state law claim.

Accordingly, the Court **DIRECTS** the Clerk of Court to **REMAND** the remainder of this case to the Superior Court of Toombs County, Georgia; **TERMINATE** all remaining motions and deadlines, if any; and **CLOSE** this case as before the United States District Court for the Southern District of Georgia, Statesboro Division.

**SO ORDERED**, this 1st day of March, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA